On September 15, 1998 the defendant-appellant Chad Love was notified of alleged violations of five conditions of his felony probation. On September 23, 1998, Love, represented by counsel, admitted to the violations and his counsel requested that he be screened for the Monday community based correctional facility as an alternative to reimposition of his previously imposed and suspended four to fifteen year prison sentence. After Love unsuccessfully screened for the Monday program, the court revoked his probation and reimposed the prison sentence of four to fifteen years with credit for time served.
Love file a timely notice of appeal and appellate counsel was appointed to prosecute an appeal. On April 13, 1999, appointed appellate counsel filed an Ander's brief pursuant to Anders v. California
(1967), 386 U.S. 738 wherein counsel indicated that the record demonstrated no possibly meritorious appellate issues. On May 3, 1999, we notified Love that his appointed appellate counsel had filed anAnder's brief and gave Love 60 days within which to file apro se brief. On July 7, 1999 Love filed a narrative statement with this court. In that statement, Love stated that he was innocent of all but one of the alleged violations of his probation, that being a failure to report, which he thought had been excused by his completion of restitution through the probation department. He indicated that he admitted to the violations only because his counsel told him he was "going to be put in a program."
None of the information contained in Love's narrative statement is reflected in the record of this case, to which appellate review is limited. The record reflects that Love's trial counsel requested that he be considered for the Monday program and the court provided Love with that consideration. The record does not reflect that Love's counsel assured him he would be "put in a program" if he admitted the violations. Nor is there anything of record to demonstrate that Love was not guilty of the probation violations which he admitted. We believe that the colloquy between the trial court and Love immediately prior to the reimposition of sentence speaks volumes.
 THE COURT: Mr. Love, is there anything you wish to say before the Court imposes sentence?
 THE DEFENDANT: I just want to thank you for giving me the chance. I don't blame anybody but myself.
 THE COURT: The Court previously imposed a sentence and then granted shock probation on certain conditions and has tried a lot of different programs but, unfortunately, your addiction has gotten the better of you on every occasion. You have not followed through and the Court, unfortunately, has run out of options.
We agree with the assessment of appointed appellate counsel that the record before us discloses no possibly meritorious appellate issues and accordingly the judgment appealed from will be affirmed.
FAIN, J., and YOUNG, J., concur.
Copies mailed to:
Carley J. Ingram
Sean J. Vallone
Chad A. Love
Hon. Jeffrey Froelich